JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 23 1988

DOCKET NO. 794

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MCWHIRTER DISTRIBUTING CO., INC., ET AL. FUEL CONTRACTS LITIGATION

> McWhirter Distributing Co., Inc., et al. v. Enjet, Inc., et al., S.D. Texas, C.A. No. H-88-1703
> McWhirter Distributing Co., Inc., et al. v. Richard G. Allen, et al., C.D. California, C.A. No. CV87-04854-WDK(Kx)
> McWhirter Distributing Co., Inc., et al. v. In re Richard Gary Allen, Debtor, C.D. California, Adversary No. SA 88-0253-JB, Bankruptcy No. SA-88-00579-JB

ORDER DENYING TRANSFER

This litigation consists of three actions pending in two federal districts: two actions in the Central District of California and one action in the Southern District of Texas. Before the Panel is a motion by plaintiffs in all three actions to transfer the Texas action to the Central District of California for coordinated or consolidated pretrial proceedings with the two actions pending there. Seven California defendants support the motion. The Texas defendants oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Given the minimal number of actions before us, movants have failed to persuade us that any common questions of fact involved in these actions are sufficiently complex, and that the accompanying discovery will be so time-consuming, as to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman